# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ROCHELLE COLEMAN,

                                     Plaintiff,

                                                                                5:16-CV-735

                 v.                                    (NAM/ATB)

MICHAEL L. HANUSZCZAK,

                                     Defendant.

ROCHELLE COLEMAN, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court four civil rights complaints filed in one action at the request of the pro se plaintiff. (Dkt. Nos. 1 – 1-3). Each of the separate complaints is purportedly brought pursuant to a different civil rights statute: 42 U.S.C. § 1983 (Dkt. No. 1); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5 (Dkt. No. 1-1); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Dkt. No. 1-2); and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") (Dkt. No. 1-3). Plaintiff has also filed a motion to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt. Nos. 2, 3). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal of the entire action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) based on immunity and for failure to state a claim.

I.  **In Forma Pauperis ("IFP") Application**

A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Facts

In each of the four complaints that comprise this action, plaintiff is suing Onondaga Family Court Judge Michael Hanuszczak over his decision to deprive plaintiff of custody of her children. Each complaint recites facts regarding the same incident in slightly different ways and in differing amounts of detail. In a separate action, also containing four complaints, plaintiff sued the three social workers who testified against her at the trial before Judge Hanuszczak. *Coleman v. Lewandowski*, No. 5:16-CV-734 (NAM/ATB).

The essence of all four complaints[1] in this case is that plaintiff believes that

---

[1] Plaintiff has apparently filed four separate complaints because she believes that various rights have been violated and wishes to assert separate bases for her claims. Plaintiff believes she has been discriminated against based on her race and disabilities, so she filed the Title VII and the ADA complaints alleging discrimination. The section 1983 and *Bivens* complaints cover the allegations that the defendant has violated plaintiff's constitutional rights, not all of which apply to her claims. This court has discussed the individual claims in *Coleman v. Lewandowski*, but will not do so in this action because as discussed below, this action may be dismissed based on absolute judicial immunity alone. However, the court would also point out that the Title VII, ADA, and Bivens causes of action would be dismissed because plaintiff is not complaining about an employment discrimination (Title VII); has not alleged how the defendant's conduct discriminated against her because of her disabilities notwithstanding the fact that she has medical impairments (ADA); and does not act under color of

3

Judge Hanuszczak violated a variety of her constitutional rights, improperly issued a search warrant for her home, and decided her case based on the perjured testimony of three social workers. Plaintiff claims that the judge was biased against her and "retaliated" because she complained about him to the authorities in New York and Washington. Plaintiff complains that he also failed to recuse himself after she filed complaints against him. (Dkt. No. 1-3 ¶¶ 4-5). Plaintiff claims that the judge "had [her] kids removed for no cause on 6/21/16." (*Id.* ¶ 4). For the following reasons, none of plaintiff's complaints may proceed as against defendant Hanuszczak.

## III. <u>Judicial Immunity</u>

### A. **Legal Standards**

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action

---

federal law, which is a requirement for *Bivens*. *Roge v. NYP Holdings, Inc*., 257 F.3d 164, 168 (2d Cir. 2001) (Title VII requirements); 42 U.S.C. § 12182 (ADA); *Arar v. Ashcroft*, 585 F.3d 559, 571-72 (2d Cir. 2009) (discussing history of Bivens actions).

4

"outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

### B. Application

Plaintiff is seeking to hold defendant Hanuszczak liable for actions that he took completely within his judicial capacity, exercising his judicial functions in a case over which he had jurisdiction. Family Court has jurisdiction to hear neglect proceedings.[2] Thus, plaintiff's claims against the judge, including those that allege bias, malice, or a decision which was based on perjured testimony, cannot proceed in this court. This includes claims that the judge was retaliating against plaintiff for complaining about him. *See McKnight v. Middleton*, 699 F. Supp. 2d 507, 524 (E.D.N.Y. 2010) (dismissing plaintiff's claims that family court judge's rulings were in retaliation for plaintiff filing a lawsuit against the court and others). Plaintiff in this case is free to appeal the judge's decision or to complain, as she has already done, through the proper state channels. However, the judge is entitled to absolute immunity in federal court.

## IV. Appointment of Counsel

### A. Legal Standards

There is no bright-line test for determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). A number of factors must be carefully considered by the court in ruling upon

---

[2] Family Court has "exclusive original jurisdiction over proceedings . . . alleging . . . the neglect of a child." N.Y. Fam. Ct. Act § 1013(a). *See Ogunbao v. City of New York*, No. 12-CV-428, 12-CV-6188, 2014 WL 60009, at *5 (E.D.N.Y. Jan. 7, 2014) (citing N.Y. Fam. Ct. Act. § 1013(a) and N.Y. Const. Art. 6, § 13(b)). Even if plaintiff is attempting to claim that the petition before the judge was brought improperly or fraudulently, this does not affect his "jurisdiction."

5

the motion. The court must first assess whether the indigent's claims seem likely to be of substance. If so, the court then considers:

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Each case must be decided on its own facts, and the court may consider any or all of the above factors in its determination. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

### B. Application

Based upon a thorough review of the complaint, this court finds that plaintiff's complaint does not have substance, and thus, does not meet the first requirement for appointment of counsel. Therefore, plaintiff's request for counsel is denied.

## V. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

In this case, based on the facts alleged by plaintiff, any attempt to amend this action to assert additional or different claims as against defendant Hanuszczak would be futile because he is protected by absolute immunity. Thus, this court will recommend that plaintiff's claims be dismissed with prejudice and without opportunity to amend.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED** for purposes of filing only, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 28, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge