UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**ROCHELLE COLEMAN,**

                        **Plaintiff,**

                **-v-**                        **5:16-CV-735 (NAM/ATB)**

**MICHAEL L. HANUSZCZAK,**

                        **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
Rochelle Coleman
231 Lilac Street
Syracuse, NY 13208
Plaintiff, *pro se*

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

On June 22, 2016, plaintiff filed four separate civil rights complaints in one action. (Dkt. No. 1). Each is brought pursuant to a different civil rights statute. Plaintiff has also filed a motion to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt. Nos. 2, 3). On June 28, 2016, United States Magistrate Judge Andrew T. Baxter issued a thorough Order and Report-Recommendation (Dkt. No. 6) granting plaintiff's IFP application, denying plaintiff's motion for appointment of counsel, and recommending dismissal with prejudice of the entire action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff has filed an objection. (Dkt. No. 7).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of the Report-Recommendation to which plaintiff specifically objects. Where, however, an objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court reviews for clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When no objections are made, the Court conducts clear error review. *See Kaboggozamusoke v.*

*Rye Town Hilton Hotel,* 370 F. App'x 246, 248, n.1 (2d Cir. 2010).

Magistrate Judge Baxter thoroughly discussed plaintiff's allegations that Judge Hanuszczak violated a variety of her constitutional rights, improperly issued a search warrant for her home, and decided her case based on the perjured testimony of three social workers, that he was biased against her and retaliated against her, and that he refused to recuse himself, ultimately having her "kids removed for no cause on 6/21/16." Judge Baxter concluded that judicial immunity bars plaintiff's action in federal court, as his actions were taken completely within his judicial capacity, and exercising his judicial functions in a case over which he had jurisdiction. Rather than address these conclusions in her objection, plaintiff simply re-states her belief that Judge Hanuszczak "unlawfully took [her] kids." (Dkt. No. 7)

After thorough review of the record and applicable law, the Court agrees with Magistrate Judge Baxter's analysis. Plaintiff's allegations cannot state a claim against these defendants in this Court.

It is therefore

ORDERED that the Order and Report-Recommendation (Dkt. No. 6) of United States Magistrate Judge Andrew T. Baxter is accepted and adopted; and it is further

ORDERED that this action be DISMISSED IN ITS ENTIRETY WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   August 22, 2016

*[signature]*
Norman A. Mordue
Senior U.S. District Judge